UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:13-CR-590 |
| § | (CIVIL ACTION NO. 2:15-CV-256) |
| JAIME ACOSTA-ARREDONDO; aka § | |
| ACOSTA-SOLIS; aka ACOSTA § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, ORDER DENYING CERTIFICATE OF APPEALABILITY**

Jaime Acosta-Arredondo filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 28. The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2014) (2255 Rules). The Court dismisses Acosta-Arredondo's § 2255 motion because the motion is untimely and also denies him a Certificate of Appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2255, 3583(c).

### II. BACKGROUND

Acosta-Arredondo pleaded guilty to illegal reentry without a plea agreement in 2013. D.E. 12, 13, 15. The Probation Department prepared a Presentence Investigation Report (PSR). D.E. 17. The base level offense for illegal reentry is 8. U.S.S.G. § 2L1.2(a). Acosta-Arredondo's conviction for Assault with Great Bodily Injury was used to enhance his offense level by 16. *See* U.S.S.G. § 2L1.2(b)(1)(A). *Id*. at ¶¶ 10, 11.

Acosta-Arredondo's total offense level was calculated to be 22, after credit for acceptance of responsibility (2 levels). *Id*. at ¶¶ 12-17. He had three criminal history points resulting in application of criminal history Category II. *Id*. at ¶¶ 19-20. The guideline range of imprisonment was calculated to be 46-57 months. *Id*. at ¶ 36.

At sentencing, the Court adopted the PSR as the findings of the Court. D.E. 27. The Court sentenced Acosta-Arredondo to 46 months imprisonment. D.E. 26. Judgment was entered on the docket on December 30, 2013. He did not appeal.

### III. MOVANT'S ALLEGATIONS

Acosta-Arredondo claims that because he does not understand the English language, he did not understand his right to appeal or the time frame in which he was required to appeal. He further claims that the government improperly refused to move to grant him a third point for acceptance of responsibility on the grounds that he did not waive his right to appeal.

### IV. ANALYSIS

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable

---

[1] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Acosta-Arredondo's judgment became final fourteen days after it was entered on the docket, when the time to file Acosta-Arredondo's notice of appeal expired on January 13, 2014. *See* Fed. R. App. P. 4(b)(1). The deadline to file his motion to vacate expired a year later on January 13, 2015, but he did not mail his § 2255 motion until May 28, 2015, according to the certificate of service.[2] D.E. 28, p. 7. His motion was 135 days late. Acosta-Arredondo's § 2255 motion is therefore time barred unless an exception applies.

Acosta-Arredondo does not address the lateness of his motion, other than to claim he did not understand the time frame to appeal because he does not speak English. Acosta-Arredondo's claim that he did not understand the Court is directly contradicted by his performance at rearraignment and at sentencing. The Court reviewed the recordings of those hearings. ERO August 14, 2013 at 9:42:15/10:25:10,[3] December 30, 2013 at 1:30-1:34. Acosta-Arredondo responded fluently and appropriately to the Magistrate Judge and to the Court's questions in English without an interpreter. Furthermore, he told the Probation Department that he reads and writes English and he attended twelve years of school in the United States and graduated high school in California. D.E. 17, ¶ 25. Based upon the record in this case, the Court rejects Acosta-Arredondo's claim that he did not understand his rights or time limitations.

---

[2] Because Acosta-Arredondo is incarcerated, the date of mailing controls the timeliness of his motion. Fed. R. App. P. 4(c).

[3] Acosta-Arredondo identified himself as an English-speaker and stated that he preferred to proceed in English. *Id*. at 9:43:35/37.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Acosta-Arredondo has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).   As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Acosta-Arredondo is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.  CONCLUSION

Acosta-Arredondo's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 28) is DISMISSED as untimely and he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 12th day of June, 2015.

_____
Janis Graham Jack
Senior United States District Judge